IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60107

_____


TIMOTHY R. WILSON,

                                        Plaintiff-Appellee,

                        versus

NELSON HALL CHEVROLET, INC., ET AL.,

                                        Defendants,

NELSON HALL CHEVROLET, INC.,

                                        Defendant-Appellant.
_____

Appeal from the United States District Court for the
            Southern District of Mississippi
                   (4:93-CV-83-LN)
_____

January 12, 1996

Before JOLLY, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Defendant-appellant Nelson Hall Chevrolet, Inc. appeals the
district court's judgment in favor of plaintiff-appellee Timothy R.
Wilson.  Having reviewed the record and briefs of the parties, we
affirm the district court's entry of judgment in favor of Wilson on
all issues except the award of interest.

_____

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

The district court erred in awarding, as compensatory damages, the full amount of interest Wilson paid on the note used to finance the purchase of the automobile. The jury appears to have determined that $6,000.00 was the actual value of the automobile at the time of purchase. Wilson's trade-in allowance was $2,431.09, which when subtracted from the actual value of the car leaves $3,568.91 as the amount of the indebtedness on which Wilson was lawfully obligated to pay interest. Thus, any interest Wilson paid on that amount is not a component of the damages suffered by Wilson on account of Nelson Hall's conduct. We therefore REVERSE only that portion of the judgment constituting the interest on that amount and REMAND for recalculation of damages based on the foregoing.

AFFIRMED in part and
REVERSED and REMANDED in part.[1]

---

[1]We dismiss Wilson's motion to supplement the record on appeal as moot.